Son v. Lee

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand fourteen.

PRESENT: CHESTER J. STRAUB,
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

YONG CHUL SON,

*Plaintiff-Appellant,*

v.                                                                    No. 13-1827

CHU CHA LEE, IN SUK SEO, KYUNG TAE HA,
GREENLAND PRODUCE & GROCERY, INC.,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:     Yong Chul Son, *pro se*, Palisades Park, NJ.

FOR APPELLEES:     No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Yong Chul Son, pro se, sued Greenland Produce & Grocery, Inc. ("Greenland"), his former employer, as well as three of his former co-workers, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"); the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("NYCHRL"). Son's federal complaint alleged discrimination on the basis of race, national origin, age, and disability or perceived disability.

Before bringing his federal action, Son filed a complaint against Greenland with the New York State Division of Human Rights ("NYSDHR"), alleging discrimination on the basis of race and color in violation of Title VII and the NYSHRL. The NYSDHR found no probable cause to believe that Greenland had discriminated against Son. Son then filed an Article 78 petition in New York State court, seeking to overturn the NYSDHR decision. The State court

dismissed his petition, finding that the NYSDHR decision was neither erroneous nor an abuse of discretion.

In view of these prior administrative and State court proceedings, the District Court dismissed Son's complaint in its entirety. It held that principles of res judicata barred Son's Title VII, ADEA, and ADA claims, while Son's NYSHRL and NYCHRL claims were barred by the election of remedies doctrine under New York Executive Law § 297(9) and New York City Administrative Code § 8-502(a). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), courts must afford the litigant "special solicitude, interpreting the complaint to raise the

3

strongest claims that it suggests," Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quotation marks omitted).

District courts generally should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Leave to amend is not necessary, however, when it would be futile. See id. "When the denial of leave to amend is based on . . . a determination that amendment would be futile, [we] conduct[] a de novo review." Nielsen v. Rabin, No. 12-4313, 2014 WL 552805, at *2 (2d Cir. Feb. 13, 2014) (quoting Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 490 (2d Cir. 2011)) (quotation marks omitted).

Substantially for the reasons set forth in the District Court's order dated March 11, 2013, we conclude that dismissal of Son's complaint was proper and that amendment would have been futile.

We have considered all of Son's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4